MONEYWEIGHT SCALE COMPANY, APPELLANT, v. KATE VANSCIVER, APPELLEE.

Submitted December 5, 1907—Decided February 24, 1908.

After a written contract providing for the delivery to the purchaser of a chattel "as soon as possible" by the vendor had been executed by the parties and delivered, the agent of the vendor verbally promised to deliver such chattel within ten days from the date of the contract. *Held*, that such verbal promise was *nudum pactum*.

On appeal from the Camden District Court.

Before Justices VOORHEES and MINTURN.

For the appellant, *Wilson, Carr & Stackhouse.*

For the appellee, *Charles S. King.*

The opinion of the court was delivered by

VOORHEES, J.   The appellee, in writing, on March 14th, 1907, ordered the appellant to deliver to her, as soon as possible, a computing scale, which she thereby agreed to lease for a term of nine months, and to pay therefor the sum of $45, in monthly payments of $5 each, the first installment of rent to be paid upon the execution of the agreement, and at the expiration of the term to surrender the scale, with the express privilege that after the expiration of the term and the surrender of the scale of purchasing the scale upon the payment of $1; that in case she failed to pay any installments when due, *and the lessors shall not avail themselves of the right to retake possession of the property, &c.,* then the whole hire for the whole of said term should become due and payable.   It was further stated that the written lease covered all agreements between the parties.

It appears, from the state of the case, that the sum of $5 was paid on the making of the contract; that in the latter part of April a tender of the scales contracted for was made to the appellee, and that on the 21st day of March, 1907, the appellee, by registered letter, notified the appellant not to send the scales because of her inability to pay for the same.

On the trial the appellee was sworn and, under objection, allowed to testify that the agent of the scale company, after the contract had been signed by her and delivered, promised to deliver the scales within ten days from the date of the contract.   This is alleged as a ground for reversal.   We think that there was error in allowing this testimony, as the promise was not supported by any consideration.   *Titus* v. *Cairo and Fulton Railroad Co.,* 8 *Vroom* 98.

The notice to the scale company not to send the scale because of defendant's inability to pay for it cannot be considered a rescission of the contract, for at that time the defendant was not entitled to rescind and no such right was invoked by her, her sole reason being that she was unable to pay for the scale.

At the conclusion of the case the court refused to direct a verdict for the plaintiff. Assuming, but not deciding, that all the installments under the contract had, by its terms, become due and payable at the time of instituting this suit, a point not raised, this refusal was reversible error, for no valid defence had been offered.

The judgment will be reversed and a new trial ordered.